LEVERETT NEWCOMB, PROSECUTOR, v. WILLIAM E. ALBERTSON.

Submitted December 5, 1913—Decided February 24, 1914.

Petitioner's arm was broken while he was in defendant's employ; he was treated at a hospital, the fracture properly united, but there developed an abscess upon the fleshy part of the thumb which resulted in ankylosis of the thumb, making it permanently useless. *Held,* that the permanent injury of the thumb was injury arising by accident out of and in the course of the employment.

---

On *certiorari* to Essex Pleas.

Petition under the Workmen's Compensation act.
The facts were thus found by the trial judge: "William

E. Albertson was employed by Leverett Newcomb as a chauf-
feur on or about the 2d day of September, A. D. 1912, at a
weekly wage claimed by the petitioner as $12 per week, and
by the respondent as $10 per week, besides expenses incurred
in the course of the employment during out of town services.
On the morning of the 7th day of September, the sixth day
following his employment, the petitioner was injured by the
crank of the automobile, "back-firing" when he was cranking
preparatory to starting the machine. The injury consisted
in a colles fracture of the right arm. Albertson was immedi-
ately taken to a hospital with the privity and acquiescence
of the respondent; his arm was attended to by one of the
physicians attached thereto, and he remained as a patient
therein for one week thereafter, and under the treatment of
the hospital physician for several weeks. The fracture was
properly united, and progressed satisfactorily toward re-
covery. During the course of treatment there developed an
abscess upon the fleshy part of the thumb which resulted in
ankylosis of the thumb, due to adhesion of the muscles and
ligaments, making it permanently useless, and by reason of
this condition of the thumb the first and second fingers of
the right hand became obstructed in their use. A permanent
condition of numbness in the ends of those two fingers re-
sulted, which cannot be relieved unless by a surgical opera-
tion. This operation may or may not be efficacious. This
condition of the thumb is due to the abrasion and infection
of the skin from the rubbing or pressure of an unguarded or
unpadded splint."

The only question argued was whether or not compensation
should have been awarded for the injury to the thumb and
two fingers.

Before Justices SWAYZE and BERGEN.

For the defendant-prosecutor, *Lewis Starr.*

For the plaintiff-respondent, *Louis H. Miller.*

The opinion of the court was delivered by

SWAYZE, J. Section 2 of the Workmen's Compensation act provides for compensation for personal injuries to an employe by accident arising out of and in the course of his employment. The defendant expressly confines his argument to the award of compensation for the injury to the thumb and two fingers. The only question for us is whether those injuries were due to the accident. The question is not, strictly speaking, whether the accident was the proximate cause of the ankylosis of the thumb or whether the infection was the natural result of the accident. Those questions are presented under section 1, placitum 1, of the statute, but the language in section 2 is markedly different, omitting any reference to natural and proximate cause. If we were to go into the scholastic distinctions, we might say that the cause of the injury under section 2 was the cause *sine qua non,* as distinguished from the proximate cause. It is better, however, to put the matter in the plain English used by Lord Loreburn in his judgment in the House of Lords in a case arising under the English statute. *Clover, Clayton & Co., Limited,* v. *Hughes* (1910), *A. C.* 242. He says: "It seems to me enough if it appears that the employment is one of the contributing causes without which the accident which actually happened would not have happened, and if the accident is one of the contributing causes without which the injury which actually followed would not have followed." The employer was held liable in that case where a workman, suffering from an aneurism in so advanced a state of disease that it might have burst at any time, was tightening a nut with a spanner, and the ordinary strain ruptured the aneurism. Quite recently, the Court of Appeal has held the employer liable where a workman met with an accident which made it necessary to remove a cartilage from his knee, and caught scarlet fever, which necessitated his removal to an isolation hospital, where the wound became unhealthy and suppurated so that another operation was necessary and the knee became permanently stiff and unmovable. The trial judge in that case thought

that the question was whether lowered vitality invited the scarlet fever; that if lowered vitality invited the scarlet fever, the chain of causation was complete and the workman entitled to recover; if lowered vitality did not invite the scarlet fever, the chain of causation was broken and the workman was not entitled to recover. The Court of Appeal held that this was error, and that the true question was whether the workman's incapacity in fact resulted from the injury. *Brown* v. *George Kent, Limited* (1913), 3 *K. B.* 624. A similar result was reached by the English courts under their act of 1897. *Dunham* v. *Clare* (1902), 2 *Id.* 292.

In the present case, it is said that the chain of causation is broken because the infection was due to the failure of the physician to take proper precautions. There is no finding to that effect and the evidence is not before us. We cannot assume that the infection could be caused only by the negligence of the physician, and it is therefore unnecessary to decide whether such negligence would amount to such a break in the chain of causation that the employer would not be liable. We think the trial judge was right in finding that the injury in fact resulted from the accident and in holding the employer liable.

The judgment is affirmed, with costs.