MARY LUNDY, WIDOW OF PATRICK LUNDY, DECEASED, RESPONDENT. v. GEORGE BROWN & COMPANY, A CORPORATION, APPELLANT.

Argued June 26, 1919—Decided November 17, 1919.

1. In this case four grounds of appeal are stated in this court, when only one should have been, namely, that the Supreme Court erred in giving judgment for the respondent instead of for the appellant.
2. Where a trial court's findings of fact are supported by evidence, they will not be disturbed on appeal.
3. Where an injury follows an accident, and which, but for the accident would not have happened, this justifies a finding, in an action under the Workmen's Compensation act, that the injury, in fact, resulted from the accident.

---

On appeal from the Supreme Court, whose opinion is reported *ante* p. 107.

For the appellant, *M. Casewell Heine.*

For the respondent, *Edward M. & Runyon Colie.*

PER CURIAM.

This was an action in the Essex Common Pleas under the Workmen's Compensation act, and resulted in a finding and judgment in favor of petitioner and against the respondent. On *certiorari* from the Supreme Court the judgment of the Common Pleas was affirmed; and the appellant, who was the prosecutor in *certiorari,* now appeals to this court.

In our judgment, the case was rightly decided in the Common Pleas, and in the Supreme Court on appeal. Four grounds of appeal are stated in this court, when only one should have been, namely, that the Supreme Court erred in giving judgment for the defendant-respondent instead of for the prosecutor-appellant. See *State* v. *Verona, ante* p: 389. The fourth ground of appeal really comprehends the other three—that is, that the Supreme Court erred in holding that there was evidence to support the finding of the Common Pleas that the death of respondent's decedent proximately resulted from an injury received in the course of and arising out of his employment. That was the question decided by the Supreme Court, which tribunal, after examination, observed that they thought there was evidence which fully justified the finding of the court below; that the medical testimony was in sharp conflict on the question whether the decedent died as a result of the injury or from an entirely independent cause; and they thought that an inference might be properly drawn from the evidence that the nature of the decedent's injury was of such seriousness as to greatly impoverish his system and predispose it to an infection of tuberculosis, of which there was not the slightest indication before the injury; and that it was difficult to escape the conclusion that the cause of death was an incident resulting from the accident.

On behalf of the appellant-prosecutor it is urged that lay

testimony is incompetent to establish the cause of death from symptoms and conditions resulting from injuries. But that question need not be decided, as the record discloses that there was medical evidence tending to show that death resulted from tuberculosis, which was superinduced by the condition resulting from the traumatism suffered by decedent. And where a trial court's findings of fact are supported by evidence, they may not be disturbed. *Hulley* v. *Moosebrugger,* 88 *N. J. L.* 161; *New York Switch and Crossing Co.* v. *Mullenbach,* 92 *Id.* 254.

Where a workman receives personal injury from an accident arising out of and in the course of his employment, and disease ensues which incapacitates him for work, the incapacity may be the result of the injury within the meaning of the (English) Workmen's Compensation act, even though it is not the natural result of the injury. The question to be determined on a claim for compensation is whether the incapacity is in fact the result of the injury. *Ystradowen Colliery Co.* v. *Griffiths* (1909), 2 *K. B.* 533. In a case where a petitioner's arm was broken while he was in defendant's employ and the fracture properly united, but there developed an abscess upon the fleshy part of the thumb, which resulted in ankylosis, making the thumb useless, our Supreme Court held that the ankylosis of the thumb was an injury arising by accident out of and in the course of the employment. *Newcomb* v. *Albertson,* 85 *N. J. L.* 435. And Mr. Justice Swayze, in writing the opinion in *Liondale Bleach Works* v. *Riker, Id.* 426, observed (at *p.* 429) that the question of disease following an accident was considered in *Newcomb* v. *Albertson, supra.* The decision there, rested on certain English cases, is to the effect that an injury which follows an accident, and which, but for the accident, would not have happened, justifies the finding that the injury in fact results from the accident.

The judgment under review should be affirmed, for the reasons expressed in the opinion of Mr. Justice Kalisch in the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ.   11.

*For reversal*—None.