NEW JERSEY MISCELLANEOUS REPORTS. 1067

N. J. Dept. Labor—Matulis v. Thatcher Furnace Co.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ISABELLA MATULIS, petitioner,

*v.*

THATCHER FURNACE COMPANY, respondent.

**Injury to Hand—Infection Resulting—Testimony Relating to Streptococcus Germ—Death from Pneumonia in Sixteen Days—Accident Contributing Cause—Chain of Causation Not Broken—Cases Cited to Confirm Finding.**

On petition for compensation. Determination of facts and rule for judgment.

*Mr. William J. Kearns,* for the petitioner.

*Mr. Irving W. Young, Jr.,* for the respondent.

A petition and answer having been heretofore filed in the above-stated matter under the terms and provisions of an act entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of the employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, together with the several supplements thereto and acts amendatory thereof, and a time and place for the hearing having been fixed, and service having been duly made on both sides, and the said matter having come on for hearing in the presence of William J. Kearns, for the petitioner, and Irving W. Young, Jr., for the respondent, on October 25th, 1923, and having been duly adjourned to November 1st, 1923, at which time testimony was offered on behalf of the parties hereto, and the further

hearing thereupon having been continued to March 20th, 1924, on which last date the testimony on behalf of both parties was concluded.

I do find and determine from the testimony offered by the respective parties as follows:

1. That the deceased, Anton Matulis, was, on April 28th, 1923, in the employ of the respondent as a laborer, and was apparently in good health and did his regular work up to the time of the accident herein stated.

2. That on said date the deceased met with an accident arising out of and in the course of his employment, and that he was injured while pushing a truck with two other men, when an iron flask slipped therfrom and injured decedent's left hand, such injury resulting in an infection. The medical evidence discloses that the hand was very swollen, painful, discharged serum, and there were present all the indications of lymphangitis. The medical evidence also discloses that the deceased became devitalized through said infection, which caused a lowered resistence, resulting from pain and loss of sleep, whereby ready access for the germ of pneumonia was afforded, and that death occurred on May 14th, 1923, from lobar pneumonia.

3. I find that the chain of causation between the accident and injury to the dorsal aspect of the decedent's left hand while in the employment of the respondent, and the infection resulting therefrom whereby his powers of resistence were weakened (such resultant debility consequent upon the infection having rendered him through lowered vitality an easy prey to the germ of pneumonia), and the death of decedent, was unbroken.

4. Death supervened two weeks and two days after the accident. There is some testimony in the case concerning a streptococcus germ and a pneumococcus germ, but without deciding whether it was either the one or the other, we do know from the evidence that he died from lobar pneumonia, which could have resulted from a mixed infection, and it is plainly evident that there was no break in the chain of causation.

Mr. Justice Swayze, in the case of *Newcombe* v. *Albertson* (*February 25th, 1914*), *89 Atl. Rep. 928,* cited the case of *Clover, Clayton & Co., Ltd.,* v. *Hughes, A. C. 242,* in which the court said:

"It seems to me enough if it appears that the *employment* is one of the contributing causes without which the accident which actually happened would not have happened, and if the *accident* is one of the contributing causes without which the *injury* which actually followed would not have followed."

Mr. Justice Swayze continues:

"In the present case it is said that the chain of causation is broken because the infection was due to the failure of the physician to take proper precaution. * * * We cannot assume that the infection could be caused only by the negligence of the physician, and it is therefore unnecessary to decide whether such negligence would amount to such a break in the chain of causation that the employer would not be liable. We think the trial judge was right in finding that the injury in fact resulted from the accident and in holding the employer liable. Judgment is affirmed, with costs."

In *Balch* v. *Edward G. Budd Manufacturing Co.* (*Supreme Court of Pennsylvania, May 23d, 1923*), *122 Atl. Rep.* (*advance sheets*) *1,* it was held "while the law requires that the relation of cause and effect involved in a compensation case be established beyond mere possibility, its existence need not be demonstrated with mathematical precision, and probability is sufficient."

In the case of *Nastocos* v. *Orfan* (*July 7th, 1921*), *198 N. Y. App. Div. 951,* a soda dispenser cut his thumb; resultant infection lowered his vitality; he died of pneumonia; it was objected that the pneumonia was not the result of the infection. The appellate division affirmed the award of benefits to his widow and children.

In *Sanders* v. *General Electric Co., 198 App. Div. 981; 28 S. D. R. 190,* a woman employe caught her fingers in a machine. Treatment of one of them resquired baking of it in a hot-air oven, which caused her to perspire excessively.

Pneumonia ensued and merged into tuberculosis, causing her death. The commission denied benefits to her mother upon the ground that the disease did not result from the. accident. The mother appealed to the appellate division, which reversed the decision. Upon a, rehearing the board awarded benefits to the mother. The appellate division, upon a second appeal, affirmed the award unanimously and without opinion, March 15th and 16th, 1923. See, also, *McGrath* v. *Winternitz, 189 App. Div. 883.*

A porter who fell over a shaft, injuring his shin bone; resultant infection, death from pneumonia. *Ashton* v. *Ross Heater Co., 202 App. Div. 769.* A gas maker who incurred burns and a broken rib in boiler explosion; death from pneumonia. *Crowley* v. *Consolidated Gas Co. of New York, 198 App. Div. 961.* An employe who caught his hand in a meat chopper; resultant infection; lowered vitality; death from pneumonia. *Mannheimer* v. *Cossens, 198 App. Div. 962.* In all of these cases the New York appellate division affirmed benefit awards unanimously and without opinion.

5. Respondent had actual knowledge of said accident, injury and death on the date of their occurrence.

6. Wage received by the decedent was $24. per week. No compensation was paid to decedent or petitioner.

7. That decedent left two dependents, his widow, Isabella Matulis (the petitioner), and a son, Anton Matulis, now fourteen years of age, who was born on April 18th, 1910.

8. That the dependency of the said widow, Isabella Matulis, and a minor son, Anton Matulis, existed at the date of the death of the decedent, to wit, May 14th, 1923, and is now in effect at the rate of forty per centum of the wages of said deceased, or $9.60 per week, and will so continue until said minor attains the age of eighteen years, which will be on April 18th, 1928, until which time the said sum of $9.60 per week shall be payable for the said two dependents to the widow, Isabella Matulis, for such intervening period; and thereafter, to wit, from and after said April 18th, 1928, the said widow shall be entitled to receive thirty-

five per centum of $24 per week, or $8.40 per week, for the remaining period of three hundred weeks.

9. There is now due to the petitioner from the respondent fifty-five weeks' compensation at $9.60 per week, and $100 for funeral expenses and $15 for medical expenses.

10. That the petitioner is the widow of the deceased and was residing with him at the time of the accident as his lawful wife, and that Anton Matulis, the minor, is the son of the deceased, and was also living in the same household at the time of the accident.

11. That the total amount of intervening weeks which have accumulated is now payable to the petitioner at one time in a lump sum, and the remaining weeks of the three hundred weeks shall become due and payable in due course.

It is therefore ordered that judgment final be entered in favor of the petitioner and against the respondent, which respondent is to pay to the petitioner as follows: $9.60 per week for the intervening weeks from the death of decedent, May 14th, 1923, to the date of this order in a lump sum at one time, together with $100 for burial expenses and $15 for medical expenses, and thereafter at the rate of $9.60 per week, to April 18th, 1928, at which time the minor, Anton Matulis, shall have reached the age of eighteen years, and thereafter to the said petitioner at the rate of $8.40 per week for the remaining period of the three hundred weeks from the date of the death of the said decedent, besides a counsel fee of $200 to be paid counsel for petitioner.

HARRY J. GOAS.
*Deputy Commissioner.*