ELI R. VAN METER, PETITIONER-PROSECUTOR, v. E. R. MOREHOUSE. INCORPORATED, DEFENDANT-RESPONDENT.

Argued May 8, 1935—Decided July 15, 1935.

Before Justices PARKER, CASE and BODINE.

For the petitioner-prosecutor, *Varbalow & Liberman.*

For the defendant-respondent, *Starr, Summerill & Lloyd.*

BODINE, J. Petitioner, a farm laborer, while clearing a field by pulling out great weeds and bushes, suffered an injury to his back. He had been assigned to this work by his employer. Congenitally, his back was not strong and the injury caused by prolonged exertion seems to have started up an old arthritic condition. The bureau determined that there had been an accident arising out of and in the course of the employment for which compensation should be paid. The Court of Common Pleas reversed this finding.

There may be a recovery for an injury caused by an accident, although there was a diseased bodily condition prior to the injury, which it may be inferred would have remained more or less dormant until weakened by the accident. *Lundy* v. *Brown & Co.,* 93 *N. J. L.* 107; 106 *Atl. Rep.* 362; *affirmed,* 93 *N. J. L.* 469; 108 *Atl. Rep.* 252; *Geizel* v. *Regina Co.,* 96 *N. J. L.* 31; 114 *Atl. Rep.* 328; *affirmed,* 97 *N. J. L.* 331; 116 *Atl. Rep.* 924; *New York Live Poultry Trucking Co.* v. *Schwartz,* 5 *N. J. Mis. R.* 178; 135 *Atl. Rep.* 775; *affirmed,* 104 *N. J. L.* 180; 139 *Atl. Rep.* 923; *Tutino* v. *Ford Motor Co.,* 111 *N. J. L.* 435; 168 *Atl. Rep.* 749;

*Bernstein Furniture Co.* v. *Kelly,* 114 *N. J. L.* 500; 177 *Atl. Rep.* 554.

The question in the case before us is: was the employment one of the contributing causes without which the accident which actually happened would not have happened; and if the accident is one of the contributing causes without which the injury which actually followed would not have followed? *Newcomb* v. *Albertson,* 85 *N. J. L.* 435; 89 *Atl. Rep.* 928; *Selak* v. *Murray Rubber Co.,* 108 *N. J. L.* 548; 159 *Atl. Rep.* 93.

In the present case, the employment in pulling weeds was one of the contributing causes without which the accident which actually happened would not have happened. Obviously, the sprain to the back from the excessive tugging from the protracted work of the morning was one of the contributing causes without which the old arthritic condition would not have occurred. The employe testified that while he was pulling out great weeds and bushes he experienced a pain in his back. This he reported to the superintendent on the work. A sprain of the back, and such it was pronounced by competent medical opinion, is obviously an accident, and as it arose out of and in the course of the employment, the prosecutor was entitled to compensation. This is not a case where the result was accidental but otherwise the means. *Lawrence* v. *Massachusetts Bonding Co.,* 113 *N. J. L.* 265; 174 *Atl. Rep.* 226. Had the employe broken his leg or sprained an ankle while at work, it clearly would have been called an accident. A sprain of the back falls no less in the same category. While doing his work there was something unforeseen, unexpected or unusual that produced the results. It could have been an extra tough weed requiring an extra exertion which caused the spinal injury. Such result seems clearly accidental.

In *Standard Water Systems Co.* v. *Ort,* 110 *N. J. L.* 586; 166 *Atl. Rep.* 335, there was no proof whatever of an accident. There was no proof that there was any unusual occurrence during the hours of labor. The employe, on his way home, had a heart attack from which he died the next day. The disturbance was angina pectoris. But there was no proof

whatever that the work or the employment had started up the heart condition.

The judgment of the Court of Common Pleas is reversed, and that of the bureau affirmed, with costs.