ANTHONINO MAROTTA, PETITIONER, v. JOSEPH FABI, RESPONDENT-PROSECUTOR.

Submitted May 17, 1935—Decided September 11, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Samuel Levinson.*

For the petitioner, *Louis M. Mallin.*

PER CURIAM.

This is a workmen's compensation case. The deputy commissioner dismissed the petition. On appeal, the Atlantic Common Pleas reversed, and awarded compensation. The employer sued out the present writ.

Apart from technical questions of costs and counsel fee, the dispute is solely on weight and sufficiency of evidence as to the occurrence of an accident on May 9th, 1934. The other elements of recovery are not challenged. The history of the case is that petitioner worked for defendant, a contractor, as a concrete finisher, and in December, 1933, sustained a more or less severe sprain of the right hand and wrist, which caused him to stop work and undergo treatment by the employer's physician. For this he received compensation. Ultimately he returned to work, and claimed to have sprained the same hand and wrist a second time on May 9th, because of some unusual effort. He was again examined by the same physician, and without formal petition filed, there appears to have been an informal hearing of some kind on May 31st, 1934, before Referee Monroe, who reported in writing to the deputy commissioner that he had "dismissed the claim due to the fact that there did not seem to be an accident involved." What evidence there was before the referee is not shown in the printed book. If petitioner made any statements before the referee that were inconsistent with his testimony before the commissioner, there is no evidence of such statements. On cross-examination petitioner was asked what Monroe had said to him, and respondent's counsel not getting the answer that he expected, announced his intention of producing Mr. Monroe, but that was never done. It does not seem to be

claimed that the "sprain" of May 9th claimed by petitioner was not an accident. A somewhat similar situation was presented to us in the case of *Van Meter* v. *Morehouse,* 13 *N. J. Mis. R.* 558; 179 *Atl. Rep.* 678.

We have carefully examined the evidence before us, unimpeached by anything petitioner may have stated on the informal hearing, and conclude that the Court of Common Pleas was justified in its conclusion that the injury received on May 9th was an aggravation of the prior injury of December 23d. That being the factual question argued, and the decision here on the merits turning thereon, the judgment of the pleas should be affirmed, as regards the award of compensation.

The Court of Common Pleas awarded costs and counsel fee in that court. Its jurisdiction so to do is not here challenged. But in addition it awarded costs and counsel fee as something that should have been done in the bureau; and this is challenged. Counsel cite no apposite decision on this point, and we are not aware of any at this writing. Costs, and counsel fees, which class as costs, are the creature of statute; and turning to the statute we find the commissioner and deputy commissioners vested with power to award costs and counsel fee to a successful petitioner. On the appeal it was adjudged that the petitioner should have been successful below. The decision was not a mere reversal and remand for new trial, as at common law, or a reversal with directions to make a new decree, as in equity; it was the act of the pleas, put by statute in the place of the bureau, for the purpose of itself rendering such judgment as should have been rendered in the court of first instance, with its incidents of costs and counsel fee, to which the statute superadded the costs and counsel fee necessitated by the appeal.

In this aspect also, the judgment should be affirmed.