MATTHEWS CONSTRUCTION COMPANY, PROSECUTOR, v.
ANTONIO RANALLO, RESPONDENT.

Submitted October 11, 1935—Decided December 11, 1935.

Before Justices CASE and BODINE.

For the prosecutor, *Samuel D. Lenox.*

For the respondent, *Vincent A. deBenedetto* and *Louis* Josephson.

PER CURIAM.

Ranallo, a laborer employed by Matthews Construction Company, was engaged, on January 18th, 1934, in the course of his employment, in digging a ditch with pick and shovel. While so engaged, he bent down, endeavored to push the shovel into the earth and experienced a pain of such severity that he was unable to continue his work. He immediately notified his employer and was sent by it to a doctor for treatment. He treated with that physician for six weeks with indifferent results and ultimately filed his petition for compensation under the Workmen's Compensation act. The workmen's compensation bureau found liability and ordered payment of compensation. The employer appealed to the Mercer Common Pleas where the findings and determination of the bureau were sustained.

The determination by the deputy commissioner is more informative of the proofs and contentions than it is of his factual finding; and the finding in the Common Pleas is not more definite. We understand, however, that the deputy commissioner found that the workman had a history of osteo-

arthritis; that on January 18th, 1934, the ailment then being dormant, the workman was in the employ of Matthews Construction Company and suffered a sprain or twisting of his back while, in the course of his work, he was shoveling dirt from a ditch; that the sprain was caused by an untoward event resulting from his physical exertions in and about his duly appointed labors, and that the sprain caused the osteo-arthritis to "light up." Upon that finding of facts the deputy commissioner found liability and the Common Pleas affirmed.

We have examined the testimony and find that it presents a very close question. However, two independent and distinct tribunals have examined the facts, one of them hearing the oral testimony and observing the witnesses and both of them coming to the same conclusion. The rule is that a conclusion so reached should not be lightly disturbed by this court upon a mere inspection of the written word where there is support in the testimony for the conclusions so reached. *Pearson* v. *Armstrong Cork Co.,* 6 *N. J. Mis. R.* 976; 143 *Atl. Rep.* 449; *Mountain Ice Co.* v. *Durkin,* 6 *N. J. Mis. R.* 1111; 144 *Atl. Rep.* 6; *affirmed,* 105 *N. J. L.* 636; 147 *Atl. Rep.* 451. We find testimony to support the conclusion reached below, and we are of the opinion that that conclusion should stand undisturbed.

The only question argued is whether or not the Common Pleas Court was correct in deciding that the injury alleged to have been received by the workman arose as the result of an accident within the meaning of the Compensation act. A sprain such as that found to have been experienced by the workman in the instant case has been held to be an accident within the purview of the Workmen's Compensation act (*Van Meter* v. *E. R. Morehouse, Inc.,* 13 *N. J. Mis. R.* 558; *Marotta* v. *Fabi,* 13 *Id.* 690; 179 *Atl. Rep.* 678); and it is settled by many decisions cited in the Van Meter case that there may be a recovery for an injury caused by an accident, although there was a diseased bodily condition prior to the injury which, it may be inferred, would have remained more or less dormant if not weakened by the accident.

The foregoing leads to an affirmance of the judgment in the Common Pleas. The writ will be dismissed, with costs.