NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ELLA BARCALOW, PETITIONER, v. BOARD OF EDUCATION OF THE BOROUGH OF CALDWELL, NEW JERSEY, AND HARTFORD ACCIDENT AND INDEMNITY COMPANY, A CORPORATION, RESPONDENTS.

Decided August 6, 1936.

For the petitioner, *David Roskein.*

For the respondents, *Cox & Walburg* (*Arthur Mead,* of counsel).

\*     \*     \*     \*     \*     \*     \*

From the stipulation of counsel, and from the testimony adduced, I find that on May 1st, 1935, and for several years prior thereto, the petitioner was employed as a pastry baker at the Grover Cleveland High School in the borough of Caldwell, New Jersey, at a salary of $15 per week, her usual working hours being between sevent-thirty in the morning and four-fifteen in the afternoon. Her duties, *inter alia,* consisted of preparing the pastries and the desserts necessary to serve at the daily school luncheons. This she did with dispatch and without any discomfort or disability. To those persons with whom she came into contact during her daily routine, she appeared to be, to all outward appearances, a normal, healthy and active individual with no apparent ailment. She performed in addition to the duties of her employment, her household duties, and took an interest in her communal affairs. The testimony further indicates that the petitioner, unbeknownst to herself, but disclosed only on X-ray examination, had a hypertensive aortic heart. This

produced no disability, no discomfort nor did it in anywise interfere with her ability to carry on her work up to the time of the occurrence of May 1st, 1935.

The testimony is clear, that on May 1st, 1935, at about nine-forty-five A. M., the petitioner, in attempting to lift a large aluminum mixing bowl containing custard sauce, having a weight of from forty to fifty pounds, and while in the act of so doing, felt a severe wringing sensation in her heart region. This pain continued in its severity for approximately ten minutes and then intermittently for the next twenty-five minutes. The petitioner attempted to do part of her work during this interval and, at the conclusion thereof, collapsed in the ladies' room where she had gone for relief.

The petitioner produced Dr. H. C. Schurman, who arrived at the school shortly after her collapse. He rendered medication and sedatives and directed her removal to her home. It was this doctor's diagnosis that the petitioner had suffered an acute dilatation of the heart. There was also produced on behalf of the petitioner, Dr. Harry Halprin, who has been treating the petitioner from August 15th, 1935, together with Dr. Leon Lewis and Dr. Otto Lowy. It was the opinion of the physicians that the petitioner had suffered a strain of the muscles of her heart at the time of the lifting effort described, causing an acute cardiac dilatation resulting in her collapse and her present incapacity.

Since the time of this accident, the petitioner has been under constant medical treatment. She suffers from shortness of breath, general weakness, inability to walk up steps and the numerous disablements referable to her condition. The change taking place in the petitioner since this accident is marked. Prior thereto she was a steady worker, under no physical impairment. To-day she is almost completely disabled.

The respondent produced on its behalf Dr. Jacob Polevsky and Dr. Cushenielli. It is the opinion of Dr. Jacob Polevsky that the acute symptoms which manifested themselves on May 1st, 1935, when the petitioner lifted the bowl filled with custard, as she alleged, was brought on by a thyroid storm. The doctor, however, was of the opinion that a lifting effort

and the exertion accompanying it may of itself be sufficient to bring about the thyroid storm. I, however, find from the testimony adduced that the petitioner's condition was not produced by hyperthyroidism. It was the opinion of Dr. Cushenielli that the accident produced a disability which was merely temporary in extent and the petitioner's condition was not permanent.

After carefully considering all the testimony adduced by the various witnesses, I am of the opinion that the petitioner did, on May 1st, 1935, while and in the act of lifting the aluminum bowl containing custard, as she described, suffer a strain when she over-exerted the muscles of her heart, producing a sudden acute dilatation thereof, the subsequent collapse and the resultant disability from which she is now suffering.

The work in which the petitioner was engaged at the time of the occurrence was in the usual course of her duties in her employment as pastry baker. The evidence indicates that the lifting of the aluminum bowl with its contents caused a strain on the muscles of the heart and brought on an acute cardiac dilatation, which the attending physicians as well as the experts who testified on behalf of the petitioner clearly indicate. It follows, that the decedent's collapse and subsequent incapacity arose out of the petitioner's employment, that the petitioner was in the act of lifting this aluminum bowl with its contents, and that the strain and acute cardiac dilatation occurred in the course of her employment is not open to doubt. The result which followed her lifting effort was neither designed nor expected by her. Her physical structure gave way under the stress of her exertion and labor. She was doing her work exactly as she intended to do it, but the injury which resulted therefrom was accidental, and the strain of the petitioner's heart muscle produced a sudden dilatation of the heart itself. This occurrence is none the less accidental.

This reasoning is entirely in line and in accordance with the decisions of our Supreme Court on the subject, in *Van Meter* v. *E. R. Morehouse, Inc.*, 13 *N. J. Mis. R.* 558; 179 *Atl. Rep.* 678; *Marotta* v. *Fabi*, 13 *N. J. Mis. R.* 690; 180

*Atl. Rep.* 545; *Matthews Construction Co.* v. *Ranallo,* 13 *N. J. Mis. R.* 878; 181 *Atl. Rep.* 901, to the following effect: A sprain in the back is obviously an accident, and when it arises out of and in the course of the employment (as here), the workman is entitled to compensation. Had the workman broken his leg or sprained his ankle while at work, it clearly would have been called an accident. A sprain of the back falls no less in the same category. While doing his work there was something unforeseen, unexpected or unusual that produced the results. Such results seem clearly accidental.

By a clear analogy, therefore, a strain of the heart under similar circumstances is also compensable. An internal injury that is itself sudden, unusual, and unexpected is none the less accidental, because its external cause is a part of the victim's ordinary work done in her usual manner. If a laborer performing his usual task, in his wonted way, by reason of strain, breaks his wrist, nobody would question the accidental nature of the injury. If instead of the wrist it is an artery that breaks, the occurrence is just as clearly an accident. And if the strain, instead of causing the rupture of a subordinate blood vessel, produces a sudden dilatation of the heart itself, the occurrence is none the less accidental. *Brown's Case (Me.),* 123 *Atl. Rep.* 421, 422.

I do not think we should attach any importance to the fact that there was no strain or exertion out of the ordinary. The testimony is replete with expert medical opinion that the strain in fact caused the dilatation, and that if it had not not been for the strain, the dilatation would not have occurred when it did. If the degree of exertion beyond what is usual had to be considered in these cases, there must be some standard of exertion, varying in every trade. The very statement of the requirement of such a standard to measure compensability under legislation of such prime remedial import as our state Workmen's Compensation act exposes its utterly frivolous character. See *Clover, Clayton & Co., Ltd.,* v. *Hughes* (1910), *Appeal Cases,* 242 (at *pp.* 246, 247).

The disability from which the petitioner is now suffering was brought on by reason of a strain sustained by her on May 1st, 1935, when she sustained an injury directly trace-

able to and occurring in the course of her employment, when she suddenly experienced a wringing sensation and terrific pain in the heart region. The lifting, which produced this strain, occurred when her cardiac reserve was somewhat depleted. The lifting effort at the time of the said exertion, was an additional strain on her heart, causing the symptoms which she manifested and the resultant collapse.

I therefore find that the petitioner, on May 1st, 1935, sustained an accident, which accident arose out of the course of her employment, and is therefore entitled to the benefits provided under the terms and provisions of the Compensation act of this state.

As a result of the said accident, petitioner shall be entitled to receive compensation for temporary disability from May 1st, 1935, to February 1st, 1936, a period of thirty-nine and three-sevenths weeks at the compensation rate of $10 per week. The respondent, however, is to receive credit for payment voluntarily made by it for a period of twelve weeks. The cost of the medical treatment of the petitioner by Drs. H. C. Schurman, E. C. Butler and Harry Halprin are properly chargeable to the respondent, as I find that the same were reasonably necessary for the proper treatment of the petitioner. To Dr. Harry Halprin, for medical services rendered from May 1st, 1936, there shall be paid the sum of $80; there shall be paid to the petitioner, the sum of $112.70 in reimbursement for drugs and medications purchased by her from Stark's Pharmacy to May 20th, 1936.

After carefully considering the testimony adduced by the various physicians, and having had an opportunity to personally observe the petitioner on her several appearances in court, I feel that the permanent disability from which the petitioner is suffering is equivalent to sixty-six and two-thirds per cent. partial permanent total disability.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

JOHN J. STAHL,
*Deputy Commissioner.*