New Jersey Department of Labor,
Workmen's Compensation Bureau.

JACK KERSNER, PETITIONER, v. N. J. GOOD HUMOR ICE CREAM CO., COMMERCIAL CASUALTY INSURANCE CO., RESPONDENT.

Decided November 1, 1940.

For the petitioner, *David Roskein.*

For the respondent, *Henry M. Grosman.*

A petition to reopen was filed in the above entitled matter by the respondent, New Jersey Good Humor Ice Cream Co., for the purpose of modifying the award previously entered in this cause on March 15th, 1939, by Deputy Commissioner John J. Stahl.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

It appears that by a previous determination of facts and rule for judgment filed in this case and signed by Deputy Commissioner John J. Stahl, the petitioner was awarded as a result of an accident which occurred on July 20th, 1938, compensation for temporary disability from July 20th, 1938, to November 15th, 1938, and permanent disability to the extent of twenty-five per cent. of partial permanent total disability, entitling the petitioner to compensation for 125 weeks, at the rate of $19.68 per week.

The sole question in dispute is whether or not the petitioner's disability has decreased since the date of the last adjudication.

There was adduced on behalf of the respondent, the testimony of Dr. Harold E. Smith and Dr. Anthony Parisi.

It was the opinion of Dr. Smith that the petitioner's condition had generally improved and that the motion of his spine was better at the time of this hearing than it was at the time of the previous hearing. On cross-examination, it appears that this doctor estimated the petitioner's present disability to be five per cent. of partial permanent total disability, and at the time of the last adjudication of this matter, it was the doctor's opinion that the petitioner had suffered no permanent disability as a result of the said accident.

It was the opinion of Dr. Parisi that as a result of his examination of the petitioner on May 4th, 1940, the petitioner's condition had generally improved; that he had put on some weight; that there was a decrease in the atrophy of the left lower extremity and that the petitioner generally was in a better physical condition. The doctor further testified that the petitioner had no organic disability and that his permanent disability did not exceed five per cent. of total, based upon an aggravation of a pre-existing congenital deformity. The doctor also testified that it was his opinion that on November 7th, 1938, the petitioner's permanent disability did not exceed five per cent. of total, and that he so testified at the previous trial in this cause.

It requires no citations to reiterate the accepted doctrine that compensation is paid for the disability which ensues from the injury, and not for the specific injury itself. *Newcomb* v. *Albertson,* 85 *N. J. L.* 435; 89 *Atl. Rep.* 928. The respondent has failed to show that the disability from which the petitioner is now suffering has decreased from that which existed at the time of the prior adjudication.

The petitioner was called to the stand by the respondent and he testified that his condition attributable to the said accident had not improved; that he was suffering from the effects of the said accident to the same degree that he had, at the time of the previous adjudication, and in fact, that

his symptoms had become more acute than they were at the time of the previous hearing. He further testified as to the petitioner's inability to perform his normal body functions and of its interference with his daily work and routine pursuits of life.

After carefully considering all the testimony adduced before me, I find that the respondent has failed to sustain the burden of proof imposed upon it. I further find from the testimony that the petitioner's disability has not decreased and I see no reason why I should disturb the judgment previously entered.

On a petition to establish and obtain amended compensation allowance for an increase or decrease in disability, the burden is on him who asserts the change. *Pasquale* v. *Clyde Piece Dye Works,* 120 *N. J. L.* 557; 1 *Atl. Rep.* (*2d*) 45; *Tucker* v. *Frank J. Beltramo, Inc.,* 117 *N. J. L.* 72 (at *p.* 80); 186 *Atl. Rep.* 821; *affirmed,* 118 *N. J. L.* 301; 192 *Atl. Rep.* 62; *Rotino* v. *J. P. Scanlon, Inc.,* 125 *N. J. L.* 227; 15 *Atl. Rep.* (*2d*) 336. The testimony of increase or of decrease must be predicated upon the condition and causes determined at the original hearing. *Cirillo* v. *United Engineers and Constructors, Inc.,* 121 *N. J. L.* 511; 3 *Atl. Rep.* (*2d*) 596.

I therefore direct the respondent to continue the payments to the petitioner in conformity with the order entered in this cause by Deputy Commissioner John J. Stahl, on March 15th, 1939.

\*          \*          \*          \*          \*          \*          \*

JOHN C. WEGNER,
*Deputy Commissioner.*