NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

BERTHA KIEVSKY, PETITIONER, v. UNITED NEON SUP-
PLY CORP., AND ROYAL INDEMNITY CO., RESPOND-
ENTS.

Decided November 13, 1942.

For the petitioner, David Roskein.

For the respondent, A. Lionel Reid.

\*      \*      \*      \*      \*      \*      \*

The sole issue presented for determination is as follows:
Was the death of the petitioner's decedent, Benjamin Kiev-
sky, by his own hand on September 8th, 1939, related to the
accident which he admittedly sustained on January 17th,
1939, while in the employ of the respondent, as recognized
by the Compensation Act of this state. It appears without
dispute that on January 17th, 1939, Benjamin Kievsky was
in the employ of the respondent United Neon Supply Corp.,
and while so employed, met with an accident which arose
out of and in the course of his employment, when he fell,
sustaining severe burns about his lower extremeties and
body. The employee was taken to his home and remained
under the treatment of Dr. S. Greenberg. The doctor
made a diagnosis of severe burns to his lower back, but-
tocks and thighs and lower extremeties. At the time of
the said accidental occurrence, the petitioner fell into cer-
tain chemicals and acids which produced the said burns.

Petitioner remained at his home until January 24th, 1939, when he developed a temperature, severe pain in the injured areas, uncontrollable hiccoughs, became nervous and unruly, necessitating his admission to the Newark Beth Israel Hospital. There he developed a severe case of pneumonia. During the course of treatment he was placed in an oxygen tent, became very restless, excited and violent. The hiccoughs which he had developed and which were attributed to the toxic poisoning from the burns, however, subsided. A lymphangitis developed, which necessitated numerous incisions and considerable drainage. Private nurses were put on the case and Dr. M. W. Bergman, a neurologist, was consulted. The doctor was of the opinion that he manifested symptoms of a severe depression and made a diagnosis of manic depressive psychosis. The said employee recovered from his hiccoughs and pneumonia and at the time of his discharge from the hospital was still under medical treatment for abscesses which had developed following the burns in his lower left extremity. Upon discharge from treatment, Kievsky attempted to resume his employment. Marked personality changes became manifest. He complained of numerous symptoms referable to his eyes, his ears and lower extremeties. He appeared to have difficulty in seeing, in hearing and in walking. He became melancholy and depressed and on September 8th, 1939, took his life. It was the opinion of the treating physician, Dr. Greenberg, as well as the neurologist, Dr. Bergman, that the suicide and death of the decedent was due to a manic depressive psychosis which was co-related and attributable to the accident of January 17th, 1939.

The respondent rested without producing any testimony or offering any evidence. The real question thus presented for determination is whether or not the undisputed proofs, as well as the reasonable inferences to be drawn therefrom, sustain the burden of proof imposed upon the petitioner under our Workmen's Compensation Act. From a full consideration of the evidence, I find and determine that the petitioner here has carried that burden. We find an employee, who, up to the date of the accident, was in apparent good health and capable of performing all of the duties required of his

employment, suffering occupational injuries which resulted in extensive and painful burns over a considerable area of his body and which necessitated his immediate and prolonged cessation from work. The distressing physical developments and complications which ensued this accident not only required extended medical treatment but hospitalization as well. The uncontroverted testimony as to the effect that the toxic sequellae of the burns, the shock of the accident and the pain which followed, the prolonged attack of hiccoughs with ensuing pneumonia and the lymphangitis which necessitated frequent surgical incisions and drainage, cumulatively had the effect of undermining the mental status of the decedent and resulted in the psychosis which unquestionably brought about the act of self-destruction.

The evidence is satisfactory and the inference is warranted that the conceded compensable accident set in motion a chain of related events which culminated in the employee's death some nine months later. In view of the direct and circumstantial evidence tending to establish an unbroken continuity of first physical and then mental degeneration of the employee immediately following the injury, to the date of his death, the proofs are ample to support a finding that the death of the decedent was causally related to the accident. *Lundy* v. *Brown,* 93 *N. J. L.* 107; 106 *Atl. Rep.* 362, as affirmed by the Court of Errors and Appeals in 93 *N. J. L.* 469; 108 *Atl. Rep.* 252. The language employed by Mr. Justice Heher in *Kuczynski* v. *Humphrey,* 118 *N. J. L.* 321: 192 *Atl. Rep.* 371, is particularly appropriate: "A causal connection between the accidental injury so suffered and the mental derangement is fairly inferable from all the facts and circumstances. That is a probable or more probable hypothesis with reference to the probability of other hypotheses. The evidence on the whole leads itself to inferences that bring this within the realm of probability."

Accordingly, I find and determine that the petitioner's decedent met with an accident which arose out of and in the course of his employment with the respondent on January 17th, 1939, of which accident the respondent had due notice; that his death on September 8th, 1939, was causally related

to the injuries which he suffered in said accident and the sequella and complications which ensued; that Bertha Kievsky, his wife, the petitioner herein, is a total dependent within the meaning of the Workmen's Compensation Act and entitled to compensation as such. The respective parties have stipulated that the dependent's compensation rate was $11.85 per week. The decedent was paid compensation for temporary disability for a period of 16 weeks and for partial permanent disability on the basis of 5% of total during his lifetime, and following his death the sum of $180 was paid to his widow, the petitioner herein. The respondent is entitled to a credit for said sum of $180. The respondent has heretofore paid all medical and hospital costs incurred on behalf of the decedent.

It is, therefore, * * * ordered that judgment be and the same is hereby entered in favor of Bertha Kievsky, the petitioner, and against the United Neon Supply Corp. and Royal Indemnity Co., the respondents.

\* \* \* \* \* \* \*

In the event of the death or re-marriage of the petitioner, Bertha Kievsky, prior to the expiration of the aforesaid 300 week period, the respondent herein is entitled to make application for the modification of this award.

\* \* \* \* \* \* \*

JOHN C. WEGNER,
*Deputy Commissioner.*