## JOHN W. DOUGLASS *vs.* JOHN C. GALWEY.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

When one who has two distinct causes of action arising out of the same transaction puts one in suit, he is not debarred from afterwards suing on the other, unless the remedy first sought is inconsistent with that subsequently pursued.

The pendency of an action upon a replevin bond to recover the value of the goods which were replevied and not returned, together with the damages awarded to the obligee for their detention, is not a bar to a subsequent action of replevin by the obligee for the same goods.

The obligee in a replevin bond may maintain an action to recover nominal damages for the refusal of the plaintiff in the original action to return the goods and pay the damages assessed against him, on demand, although such return and payment is subsequently made.

Argued April 13th—decided June 14th, 1904.

ACTION of replevin, brought to the Superior Court in New Haven County and tried to the jury before *Gager, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Charles S. Hamilton*, for the appellant (plaintiff).

*James M. Sullivan* and *Edward J. Maher*, for the appellee (defendant).

BALDWIN, J. The greater part of the goods in question

under the present writ were, in two former actions of re-
plevin by one Unmack, a receiver in bankruptcy of the de-
fendant, adjudged to belong, some to the plaintiff, and the
rest to a copartnership of which he was a member. *Unmack*
v. *Douglass,* 75 Conn. 633. The defendant, under a plea of
the general issue, offered in evidence the files of two pend-
ing actions, one brought by the plaintiff and the other by
said copartnership, on the replevin bonds given in the former
cases. In each it was alleged that a return of the goods and
payment of the damages and costs, given by the judgments,
had been demanded and refused. One of the judgments was
for a return and $975 damages and $33.48 costs; the other
was for $655 damages and $35.23 costs. The files so of-
fered showed that attachments of property of the bondsmen
had been made on June 10th, 1903, but that no personal serv-
ice was made upon them until July 17th. The present ac-
tion was brought between June 10th and July 17th.

These files were received in evidence against the objec-
tion of the plaintiff, and the court ruled that they established
an election by him to resort to the bonds, instead of the
property, and barred the present suit.

When one who has two distinct causes of action arising
out of the same transaction puts one in suit, he is not de-
barred from afterwards suing on the other, unless the remedy
first sought is inconsistent with that subsequently pursued.

The judgments in the Unmack suits established, as be-
tween the parties to them, that the plaintiff, either individ-
ually or as a copartner, had title to all the goods which he
has now replevied from the defendant. They also created
an obligation on the part of Unmack to return them, with
other goods, and to pay nearly $1,700 in damages and costs.
The damages were for the detention of the goods. The ob-
ligees in the replevin bonds had a right both to their goods and
to the damages. When they demanded both and both were
refused, their right of action on the bonds became absolute.
It could not have been defeated by a subsequent payment
of the damages and costs. That would have worked no
change of title as to the goods. It could not have been de-

feated by a subsequent tender of the goods, without payment of the damages and costs. Had both a return of the goods and a payment of the damages and costs been made, there would still have been a right of action for nominal damages on the original refusal. *Bradley* v. *Reynolds*, 61 Conn. 271, 282. No more could the plaintiff's right of action be affected by a subsequent recaption of the goods, whether effected with or without the help of a new suit. That would simply go in reduction of damages.

If, therefore, it be assumed, for the purposes of the case, as claimed by the defendants, that the actions on the bonds were brought before the case at bar, this could constitute no bar to its maintenance.

The observation made in *Walko* v. *Walko*, 64 Conn. 74, 77, on which the plaintiff relies, to the effect that the security furnished by a replevin bond virtually takes the place of the goods replevied, refers only to the office of the bond pending the replevin suit.

The files received in evidence should have been excluded. They were totally irrelevant to the issue.

There is error and a new trial is ordered.

In this opinion the other judges concurred.