JOSEPH DI MARIA, PETITIONER-RESPONDENT, v. CUR-
TISS-WRIGHT CORP., RESPONDENT-PROSECUTOR.

Submitted May 7, 1946—Decided October 11, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and
COLIE.

For the prosecutor, *John W. Taylor.*

For the respondent, *Nathan & Isadore Rabinowitz.*

The opinion of the court was delivered by

COLIE, J.   This is a workmen's compensation matter in
which the employee was awarded compensation in the Bureau
and, on appeal, in the Court of Common Pleas.   The evidence
was that DiMaria on June 21st, 1943, commenced to operate
a roller-sanding gun which vibrated his hand.   On July 2d
he felt his hands becoming stiff and reported the condition to
the first-aid department.   There was medical testimony to
support a finding of "traumatic chronic progressive adhesive
teno-synovitis of the flexor tendons of both hands."

The sole question presented by this writ of *certiorari* is
whether or not the employee sustained an accident within the
meaning of the Workmen's Compensation Act.   We find no
evidence of an accident.

In *Liondale Bleach Works* v. *Riker,* 85 *N. J. L.* 426, the
Supreme Court, speaking through Mr. Justice Swayze held

that "where no specific time or occasion can be fixed upon as the time when the alleged accident happened, there is no injury by accident within the meaning of the act." This statement of the law was followed by the Court of Errors and Appeals in *Smith* v. *International High Speed Steel Co.,* 98 *N. J. L.* 574. Respondent quotes from *Bollinger* v. *Wagaraw Building Supply Co.,* 122 *Id.* 512 (at *p.* 520), a statement which purportedly supports the judgment now under review. The Court of Errors and Appeals in the cited case said "we think that the requirement that the injury or death arise by accident, under our statute, is satisfied if the claimant discharges the burden of proving that the condition complained of, *i. e.,* the injury or death, is related to or affected by the employment, that is to say, if but for the employment it would not have occurred." We suggest that the above quotation from the *Bollinger* case is *dictum* and unnecessary to the decision thereof since the opinion of the Court of Errors and Appeals expressly states that there was plenary medical evidence that the sand coming into contact with the mole on July 15th was the cause of the melanoma. This latter statement from the opinion in the *Bollinger* case is precisely in line with the holding in *Liondale Bleach Works* v. *Riker, supra,* requiring the fixing of a specific time or an occasion when an accident happens in order to make the resultant injury compensable. The term "accident" as used in the Compensation Act connotes some unlooked for mishap or untoward event, not expected or designed. *Bryant* v. *Fissell,* 84 *Id.* 72.

The opinion of the Common Pleas discusses the fact that the employee's system was peculiarly susceptible to vibration. Assuming such to be the case, that merely goes to the extent of the injury sustained and has no bearing upon whether an accident within the meaning of the act was sustained.

The case of *Capuano* v. *Wright Aeronautical Corp.,* 134 *N. J. L.* 339, seems on all fours with the instant case and is controlling upon us. There the injury was caused by repeated traumatic vibrations but there was no evidence of a time or place when the alleged accident took place. The Supreme Court reversed a judgment awarding compensation.

The judgment under appeal is reversed, but without costs.

HEHER, J. (Dissenting.)  It cannot be doubted that the workman suffered a partially disabling injury which arose out of and in the course of the master's service. The question is whether the injury had its genesis in an accident within the intendment of the statute. I think it had.

There was no pathology. It is conceded that the disability is the consequence of a "traumatic, chronic, adhesive, teno-synovitis" of the flexor tendons of both hands due, in turn, to the vibration incident to the workman's operation of a compressed air roller sander over a period of a little more than a week after. the service began; and this condition the employer considers an occupational disease. It introduced medical opinion that it is "a rare condition" which "may be due to repeated trauma in which fibrotic changes are set up, following small pin-point hemorrhages"—such as may ensue from manual use of a vibrating machine—but that it is not the result of a "particular injury" or a "single occurrence," and is "rather in the nature of an occupational disease." Thus, the opinion evidence involves mixed conclusions of law and fact, in part beyond the province of medical science, and is to be assessed accordingly.

The medical opinion is one on the proposition that the injury was traumatic and not idiopathic in origin. It does not take the category of an occupational disease, for the "pin-point hemorrhages" and the attendant disabling fibrotic changes were the consequents of "repeated trauma," rather than causes incident to the nature of the work, and so a disease which naturally and customarily attends its perform-ance. Is not this employee's incapacity the cumulative effect of a succession of particular occurrences in their nature acci-dental? It would seem to be axiomatic that the disability derivable from a series of traumatic injuries is no less com-pensable than the consequence of one. The expressed design of the statute is the provision of compensation for personal injuries or death "by accident arising out of and in the course" of the employment. R. S. 34:15–7. There was per-sonal injury to the employee here, and it was unquestionably suffered by accident; and this is not the less so because the

ultimate injury and incapacity were the cumulation of a succession of accidents of like nature.

Such is the rationale of the English case of *Selvage* v. *Charles Burrell and Sons, Ltd.*, (1921) 1 *K. B.* 355; *affirmed, sub nom. Charles Burrell and Sons, Ltd.,* v. *Selvage,* 90 *L. J. K. B.* 1340, where the servant, while using a machine, suffered occasional scratches of the hands over a period of several months and osteo-arthritis as the result of a gradual septic absorption through the abrasions. In upholding an award of compensation, Lord Buckmaster for the House of Lords said that the workman sustained personal injury by accident, and that "the accident is no less accidental because it occurred on a series of occasions instead of on one." Lord Wrenbury, concurring, pointed out that "the compensation is paid not for the accident, but for the personal injury caused by the accident," and that where the contraction of disease is the injury for which compensation is to be given, "it cannot be material that the disease was contracted by reason of a succession of scratches suffered over a period of some four months. Not the scratches, but the disease resulting from the scratches, formed the injury here for which compensation was given by the act." The principle was applied by the House of Lords in *Innes* (*or Grant*) v. *G. & G. Kynoch,* (1919) *A. C.* 765.

I do not read the case of *Liondale Bleach, Dye and Paint Works* v. *Riker,* 85 *N. J. L.* 426, citing earlier English cases, as laying down a different doctrine. Where the incapacity is the cumulative effect of successive accidents of the same character, it is not requisite under the statute that a single occurrence be identified, by time, place and circumstance, as the producing cause of the injury. That would be an artificial view of the Act in disregard of its essential policy. Here, as in the *Selvage* case, *supra,* there was a series of accidents, each specific and ascertainable, although its actual influence on the ensuing illness cannot be precisely fixed. The statute does not require that, where an accident is proved, there must also be proof of the exact time and the circumstances and the place of the accident. The rule is not so rigid and in-

flexible. Its application is limited by the reason which under-lies it. "Accident" in the statutory view imports a particular occurrence; and therein lies the significance of the usual requirement that the time and place of the happening be fixed. Unless there is a specific occurrence at a particular time, the essence of an accident is wanting. But an accident may be established without proof of the precise time of its occurrence; it suffices if the evidence demonstrates a specific happening of that nature, causally related to the employment, with such proof of time and place as the circumstances reasonably admit. In *Innes* v. *G. & G. Kynoch, supra,* Lord Parmoor said (at *p.* 796): "There are some accidents in which such particularity would not be practicable. I am unable to draw any distinction between an accident which has been proved to have occurred at a particular hour on a particular day, and an accident in reference to which the particular hour or day cannot be established, but which certainly is proved to have occurred within some narrow limitation of time. The question is not so much the minute particularity of the occurrence, as the existence of competent evidence on which the arbitrator may find the causal connection between the accident and the injury." Of course, the time of the mishap has a bearing upon the provision for notice, but that question is not in this case. It is enough to say that that provision has reference to the "occurrence" of the "injury." *R. S.* 34:15–17.

In the case at hand, the injury is directly traceable to specific occurrences accidental in nature, within a comparatively brief period of time, all referable to the employment; and thus the statutory requirement of proof of a causal relationship between the accidental occurrences and the injury is satisfied. The time of the happening of the accidental injury is fixed with as much certainty as its nature permits. There was "injury by accident" in the legislative sense.

And it goes without saying that the particular workman's peculiar susceptibility to injury of this character is not preclusive of the right to compensation.

I would affirm the judgment.