16 N.J. Super. 413 (1951)
84 A.2d 764
ROSEMARY KOLBERG, PLAINTIFF-APPELLANT,
v.
FREDERICK KOLBERG, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1951.
Decided November 30, 1951.
Before Judges JACOBS, BIGELOW and COLIE.
Mr. Sidney S. Jaffe argued the cause for the appellant (Mr. William L. Brach, attorney).
Mr. Herman E. Dultz argued the cause for the respondent (Messrs. Dultz, Miller & Zeller, attorneys).
*414 The opinion of the court was delivered by BIGELOW, J.A.D.
This is a suit for divorce on the ground of extreme cruelty. After the plaintiff had completed the presentation of her evidence, the court granted defendant's motion for judgment under Rule 3:41-2.
The plaintiff relied on a series of acts committed by her husband which, taken separately, were none of them particularly serious but which, in cumulative effect, the plaintiff said made her life one of extreme misery and endangered her health. "I was really afraid of him because things got worse as they went on. They did not adjust themselves any better. They got worse. The slaps and punches got harder." And when finally she left her husband: "My face was broken out in a rash  and my chest  and I was nervous and I didn't sleep. When I would go to bed, I would dream the whole thing over, what had happened. * * * I knew I wasn't right. I used to sit up on the edge of the bed most of the night." She lost 20 pounds in weight and, after the parties separated, she regained most of it. The essentials of plaintiff's case were corroborated. While plaintiff's proofs were weak, we think they were sufficient to require the defendant to present his side of the controversy.
Rule 3:41-2 directs: "In an action tried by the court without a jury, the court as trier of the facts may then"  on defendant's motion to dismiss at conclusion of plaintiff's case  "determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 3:52-1." This language was copied into our rules from the 1946 amendment to Federal Rule 41(b). The passage was inserted in the federal rule to make clear that upon the motion to dismiss, a judge sitting without a jury should weigh the evidence, draw such inferences as seemed to him proper, and rule accordingly. U.S. v. U.S. Gypsum Co., 67 F. Supp. 397 (1946); reversed on another point 333 U.S. 364; 68 S.Ct. 525 (1948); Moore's Federal *415 Practice, 41.13(4). But our own Supreme Court, without discussion, has applied to non-jury cases the rule of jury cases and holds that the motion to dismiss admits the truth of the plaintiff's testimony, as well as every inference favorable to plaintiff that may be legitimately drawn. Cauco v. Galante, 6 N.J. 128 (1951). That ruling of our highest court, we must follow.
Reversed with costs, including a counsel fee of $200, and remanded for rehearing on the evidence already presented and such additional proofs as the parties may offer.