23 N.J. Super. 109 (1952)
92 A.2d 642
JOHN BONDAR, PLAINTIFF-RESPONDENT,
v.
SIMMONS COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1952.
Decided November 21, 1952.
*111 Before Judges FREUND, STANTON and CONLON.
Mr. Thomas J. Brett argued the cause for the appellant (Messrs. O'Brien, Brett and O'Brien, attorneys).
Mr. Mortimer Wald argued the cause for the respondent.
The opinion of the court was delivered by CONLON, J.C.C. (temporarily assigned).
The Division of Workmen's Compensation made an award to the plaintiff for disability arising from an occupational disease. The Union County Court affirmed, and the defendant appeals on the sole ground that the disease complained of  in this case bursitis of the shoulder  was not an occupational disease under the provisions of R.S. 34:15-30 and 31 (amended L. 1949, c. 29, p. 102, effective January 1, 1950).
*112 The findings of the court below which are substantiated by the evidence may be summarized as follows: The plaintiff was 62 years old and was employed by the defendant for 23 years. For the past five years he had been engaged as a filler in the operation of a machine used to stuff mattresses and pillows. This machine was motor-driven, but its operation required the plaintiff to push a lever a distance of less than a foot and pull it back again. This he did with his right hand some 500 to 700 times a day, and the required force was described as being equal to that necessary to push down a foot clutch on an old-fashioned automobile. On February 7, 1951, plaintiff was compelled to stop work because of severe pain in his right shoulder and his inability to use his right arm. He submitted to medical care but continued to suffer until May 28, 1951 when he underwent an exploratory operation. This disclosed calcific deposits at the tendons of the rotator cuff or calcareous tendonitis. There was medical testimony that the condition was the result of repeated traumata incident to the pushing and pulling of the lever. From the evidence the court was justified in concluding that there was a causal relation between the work performed by the plaintiff and the condition of his shoulder, which is more commonly referred to as bursitis.
The sole question presented is whether the injuries sustained under the circumstances outlined above are compensable as an occupational disease under the recent amendment to the Compensation Act.
R.S. 34:15-30 as amended, provides that compensation shall be made for personal injuries to an employee "by any compensable disease arising out of and in the course of his employment as hereinafter defined, * * *."
R.S. 34:15-31, as amended, provides:
"For the purposes of this article, the phrase `compensable occupational disease' shall include all diseases arising out of and in the course of employment, which are due to causes and conditions which are or were characteristic of or peculiar to a particular trade, occupation, *113 process or employment, or which diseases are due to the exposure of any employee to a cause thereof arising out of and in the course of his employment."
As originally enacted in 1911 the above sections of the Workmen's Compensation Act made no provision for compensation for any occupational disease. Beginning in 1924 amendments have been adopted making some ten specific diseases compensable, most of them arising from chemical or metallic poisoning. None but the specific diseases mentioned were compensable, and the victims of other diseases were thus relegated to common law actions which were frequently defeated by reason of the common law defenses. To remedy this situation the Legislature liberalized the act by the recent amendment above quoted, and the issue here presented requires an interpretation of it and the determination of the question whether, in light of such interpretation, the plaintiff in the instant case has established that the bursitis of which he suffers was "due to causes and conditions which are or were characteristic of or peculiar to the particular trade, occupation, process or employment."
The theory of the plaintiff is that the condition from which he now suffers is the result of  to use the language of the medical experts  continuous minimal traumata caused by the constant pushing and pulling of the lever and constitutes an occupational disease under the provisions of the statute. The defendant, on the other hand, contends that while the bursitis of which the plaintiff complains may be due to an aggravation of the normal degeneration of the supra-spinatus tendon as the result of the work he was doing, his disease is not compensable since it was characteristic of and peculiar to the individual claimant and not to his particular trade, occupation, process or employment as required by the statute. In this respect it argues that since bursitis is not generally recognized as an occupational disease it should be concluded that it is peculiar only to the plaintiff.
That a disease arising out of and in the course of employment to constitute an occupational disease need not *114 necessarily be generally recognized as such, has already been determined in this state. In Stepnowski v. Specific Pharmaceutical, Inc., 18 N.J. Super. 495 (App. Div. 1952), the plaintiff brought an action at law contending that he had suffered effemination as a result of inhaling and absorbing stil-bestrol dust particles containing female sex hormones. The disease was rare and almost unknown to medical science, but in dismissing the action at law and holding that the disease was compensable under our present amendment, Judge Jacobs, speaking for this court, held that the disability was compensable as an occupational disease "without regard to whether the risk of the disease was generally known," and he cited with approval the conclusions of Chief Justice Maltbie in LeLenko v. Wilson H. Lee Co., 128 Conn. 499, 24 A.2d 253 (Sup. Ct. Err. 1942), in which it was stated that an award "is not precluded because the risk is one which has not become generally recognized or because only employees unusually susceptible will suffer from it."
Whether disability arising from continuous minimal traumata incident to employment is compensable has had repeated consideration by the courts. In England, for instance, there was an inclination to hold that it was not compensable on the ground that no accident had occurred, Marshall v. East Holywell Coal Co.; Gorley v. Backworth Collieries, 7 W.C.C. 19; 34 Digest 271 (1905), but it was later held that it was compensable as an accident, Fitzsimons v. Ford Motor Co., Ltd., 1 All E.R. 429 (1946). However, this latter theory has been generally rejected and in England today the holdings of the earlier cases were reaffirmed in Roberts v. Dorothea Slate Quarries Co. Ltd., 2 All E.R. 201 (1948) and Roberts v. Penrhyn, 1 All E.R. 891 (1949) which overruled the Fitzsimons case. Roberts v. Penrhyn, supra, held that since no proof could be presented to establish that any one single traumatic event had caused the disability, but rather that it was a result of a "process," it was not compensable under the statutes then in effect, since it did not result from an accident.
*115 In our State, compensation for conditions arising from continuous traumata has been denied for the same reason. Capuano v. Wright Aeronautical Corp., 134 N.J.L. 339 (Sup. Ct. 1946); DiMaria v. Curtiss Wright, 134 N.J.L. 524 (Sup. Ct. 1946).
Legislative provisions for the compensation of occupational diseases have recently expanded throughout the country both with respect to the number of states adopting it and the scope of the diseases made compensable. Some 34 states now provide compensation in some form. Most of them as did the New Jersey act before the amendment, provide compensation for a varying number of diseases specifically listed in the Acts. About ten states provide, as does the New Jersey amendment, for compensation for all occupational diseases. Several of these latter jurisdictions include within their statutory provisions not only all occupational diseases but as well diseases which arise out of and in the course of employment and which are neither accidental nor occupational, such as exposure to an unhealthful condition of employment which is neither characteristic of nor peculiar to the employment. Of the states which provide that only specifically listed diseases are occupational, some nine include bursitis in some form as constituting an occupational disease. 3 Schneider's Workmen's Compensation, par. 924 et seq.
Thus, at the time of the recent amendment adopted in this State, it was generally accepted that disability resulting from diseases caused by continuous minimal traumata frequently arose out of and in the course of employment, but that the disability was not compensable because it did not result from an accident and was compensable only where it constituted an occupational disease.
The Legislature intended by the amendment to eliminate the restrictive provisions of the act by substituting for the specific list of diseases all occupational diseases. Whether a disease is occupational must be decided on the peculiar characteristics of each employment and the effect *116 it has on the individual who suffers from that employment. The evidence in the instant case warrants the conclusion that the bursitic condition from which the plaintiff suffers arose out of and in the course of his employment. It further warrants the conclusion that the disease was "characteristic of and peculiar to" his employment. The word "employment," as used in the statute, is not designed to restrict recovery to employments which are innately dangerous, but is intended to include employments from which a disease arises by reason of the susceptibility of the particular claimant to the deleterious effects of his occupation.
The defendant argues that the principle which we have adopted would render an employer liable for all the wear and tear on a human body caused by the work itself, and open the door to recovery for every condition or disease that might be caused or adversely affected by his employment. Such a determination is not within the purview of the instant case. Whether or not a disease is compensable as being occupational must necessarily depend upon the particular facts presented. In this case the facts warrant the conclusion that the disease from which the plaintiff is suffering is compensable within the provisions of the statute.
The judgment of the County Court is affirmed with costs.