71 N.J. Super. 528 (1962)
177 A.2d 486
JAMES ADAMS, JR., TRADING AS ADAMS ELECTRIC, PLAINTIFF-RESPONDENT,
v.
NEW JERSEY STATE FAIR, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1961.
Decided January 24, 1962.
*529 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. John A. Hartpence argued the cause for plaintiff-respondent.
Mr. Murray Fredericks argued the cause for defendant-appellant.
The opinion of the court was delivered by LEONARD, J.S.C. (temporarily assigned).
Defendant appeals from a judgment of $13,476.96 awarded plaintiff by the Superior Court, Law Division, in a nonjury trial for goods sold and delivered and labor performed.
Plaintiff is an electrical contractor. Defendant is an incorporated nonprofit association which annually stages the *530 New Jersey State Fair. During 1942 to 1956, inclusive, plaintiff performed all the electrical work required by defendant for its annual fairs. The formula agreed upon by the parties to be used in determining plaintiff's charges was his cost for labor, material and insurance, to which were added overhead of 15% and a profit of 10%. Book accounts were maintained by plaintiff's bookkeeping department recording these transactions, thereby enabling him to determine the amount due and owing from the defendant.
One Donald H. Archer, plaintiff's bookkeeper during the year 1956, testified to the method of maintaining plaintiff's books of record. He explained that time cards were kept for employees, which cards were given to a foreman who summarized the working hours and turned them over to the bookkeeping department. The information contained thereon was then entered in the general ledger. He further stated that when defendant made payments, these were entered on a deposit ticket and the ledger balance reduced accordingly.
Plaintiff's trial counsel then attempted to prove the disputed amount due and owing for the years 1955 and 1956 by offering the ledger prepared by Mr. Archer in the year 1956. The first entry thereon was an item in the amount of $4,488 "balance from 1955," which represented a balance that was carried forward from the previous year. Mr. Archer admitted that he had the 1955 ledger sheet showing the details thereof but it was not a part of the proposed exhibit nor was it offered independently. Over the objection of defendant the court allowed the 1956 ledger sheet to be received in evidence. The witness then testified as to the individual charges and payments contained thereon, including the aforesaid 1955 balance. Thereupon, the court found the balance due to be $10,620.83 and rendered a judgment in favor of plaintiff for that amount plus 6% interest.
Defendant urges as grounds for reversal that the 1955 balance should not have been included as a part of the *531 1956 ledger received in evidence, and that by reason thereof the entire 1956 ledger was inadmissible.
N.J.S. 2A:82-35 (Uniform Business Records as Evidence Act) is pertinent herein. It provides that:
"A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." (Emphasis added)
To be "competent evidence" said books (ledger) must conform to the safeguards set forth in the act. Watts v. Delaware Coach Co., 5 Terry 283, 44 Del. 283, 58 A.2d 689, 691 (Sup. Ct. 1948). One of these safeguards is that the entries therein must be made "at or near the time of the act * * * or event." See Tsibikas v. Morrof, 12 N.J. Super. 102, 111 (App. Div. 1951). The "1955 balance" entry was not so made. Plaintiff's bookkeeper testified it was "a ledger balance carried forward from the previous year's books," as heretofore noted. The latter was not a part of the exhibit in evidence nor was it offered independently. By reason thereof, the said "1955 balance" entry was not "competent." Therefore, the receipt thereof in evidence, over the objection of defendant's counsel, was a "manifest abuse" of discretion on the part of the court. Cf. Webber v. McCormick, 63 N.J. Super. 409, 415 (App. Div. 1960).
However, we do not agree with defendant's contention that by reason thereof the entire "1956 ledger" was inadmissible. It was properly proved and competent. Numerous cases have been reported wherein an entire hospital report was offered as a business record under the uniform act, and a portion thereof, upon objection, was declared to be incompetent and excluded, but the remainder, otherwise competent, was received in evidence. See Gilligan v. International Paper Co., 24 N.J. 230, 238 (1957); Green v. *532 City of Cleveland, 79 N.E.2d 676 (Ohio Ct. App. 1948), affirmed 150 Ohio St. 441, 83 N.E.2d 63 (Sup. Ct. 1948); Watts v. Delaware Coach, supra; Allen v. St. Louis Public Service Company, 365 Mo. 677, 285 S.W.2d 663, 55 A.L.R.2d 1022 (Sup. Ct. 1956).
By reason of the above, the principal amount of the judgment entered by the trial court is reduced by $4,488 and the balance thereof, amounting to $6,132.83 plus 6% interest from December 4, 1956, is affirmed.
Remanded to the Superior Court, Law Division, Mercer County for the entry of judgment in accordance herewith. No costs to either side.