607 A.2d 622

WILLIAM M. GOYDEN, PETITIONER–APPELLANT, v. STATE OF NEW JERSEY, JUDICIARY, SUPERIOR COURT OF NEW JERSEY, RESPONDENT–RESPONDENT.

Argued March 16, 1992—Decided May 20, 1992.

*Gary E. Adams* argued the cause for appellant (*Pellettieri, Rabstein and Altman,* attorneys; *Gary E. Adams* and *E. Elizabeth Sweetser,* on the brief).

*Michael O'Brien,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Mary C. Jacobson,* Deputy Attorney General, of counsel).

PER CURIAM.

The judgment is affirmed, substantially for the reasons expressed in the opinion of the Appellate Division, reported at 256 *N.J.Super.* 438, 607 *A.*2d 651 (1991).

HANDLER and STEIN, JJ., dissenting.

We would reverse the judgment of the Appellate Division substantially for the reasons expressed in Judge Landau's thoughtful dissenting opinion. 256 *N.J.Super.* 438, 464, 607 *A.*2d 651, 665 (1991).

The Appellate Division reversed the judgment of a worker's compensation court that had held that Mr. Goyden was entitled to permanent disability for psychological illness arising out of stressful work conditions. *Id.* at 458, 607 *A.*2d at 662. The majority below reasoned that to collect worker's compensation for a mental illness a claimant must prove not only that the illness arose out of work conditions but that those work conditions were objectively stressful. The majority viewed Goyden's reaction to the stress of his workplace as having been triggered

by his "compulsive personality," which in its view caused Goyden to be predisposed to suffer from the mental condition now found to be disabling. That predisposition precluded compensation absent " 'peculiar' conditions which would be stressful to those without such a predisposition." *Ibid.* In effect, the court's opinion suggests that to be compensable a workplace injury not only must arise in the course of employment but must also be a result that is objectively reasonable, not a result that is subjectively attributable even in part to a worker's particular character or personality.

By imposing a requirement that a worker's response to workplace conditions be objectively reasonable, the Appellate Division majority introduces a requirement not found in the worker's compensation statute or in our prior case law. New Jersey law defines compensable occupational diseases as

all diseases arising out of and in the course of employment, which are due in material degree to the causes and conditions which are or were characteristic of or peculiar to a particular trade, occupation, process or place of employment. *N.J.S.A.* 34:15-31(a).

Both the Legislature and this Court have followed the principle that a workplace injury is compensable if it is induced by conditions peculiar to the claimant's work. Our worker's compensation cases do not bar recovery to an employee predisposed to injury if the worker proves the required causal connection between the injury and the work. *See Hellwig v. J.F. Rast & Co.*, 110 *N.J.* 37, 41, 54-55, 538 *A.2d* 1243 (1988); *Dwyer v. Ford Motor Co.*, 36 *N.J.* 487, 493, 178 *A.2d* 161 (1962).

In this case ample evidence demonstrated that (a) petitioner was responsible for the filing of court records; (b) for reasons largely outside his control a serious backlog developed in filing those records; and (c) that backlog put petitioner under severe stress. That the petitioner's psychiatric condition is genuine and disabling is undisputed. *See e.g., Saunderlin v. E.I. DuPont Co.*, 102 *N.J.* 402, 409-410, 508 *A.2d* 1095 (1986); *Perez v. Pantasote, Inc.*, 95 *N.J.* 105, 118, 469 *A.2d* 22 (1984) (requiring disability finding to be based on demonstrable objective medical

evidence). That the standard of review of a compensation decision by appellate courts is "the same as that on an appeal in any non-jury case, *i.e.* 'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record' " has long been settled. *Close v. Kordulak Bros.,* 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965). Where a worker's compensation court is presented evidence of stressful work conditions peculiar to the claimant's work, we defer to its judgement that those conditions caused the claimant's psychological illness. *See ibid.* (emphasizing need for "due regard [for] the agency's expertise" in cases involving questions of causation).

The cause of the illness need not be a discrete event to give rise to compensation but may instead be gradual exposure to cumulative job-related factors, which may include stress. *Williams v. Western Elec. Co.,* 178 *N.J.Super.* 571, 429 *A.*2d 1063 (App.Div.1981). However, to insure that the job-related stress is a risk arising out the employer's business, it must be peculiar to the nature of the work involved. *Walck v. Johns–Manville Prods. Corp.,* 56 *N.J.* 533, 557, 267 *A.*2d 508 (1970); *N.J.S.A.* 34:15–31(a). Although Goyden testified to stress of a general nature that characterizes most work, such as that related to the evaluations he had received, he also presented evidence of stress peculiar to his work, *i.e.* the backlog in filing court papers. Whereas in *Walck* the claimant was able to point only to general stress typical of all types of work, in this case Goyden also presented evidence of stress specific to his work. The compensation court that heard the testimony in its entirety surely was not "clearly mistaken" in concluding that the stress related to the backlog and thus peculiar to his occupation was a substantial cause of Goyden's mental condition. *State v. Johnson,* 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964).

We have never said that a claimant must show that work conditions were the sole factor in causing an injury or illness. *See Dudley v. Victor Lynn Lines,* 32 *N.J.* 479, 491–92, 161 *A.*2d 479 (1960) ("It does not matter that one of the contribu-

ting factors ... was a disease or condition unrelated to the employment as long as the employment was also a contributing factor."). Of course, if an injury or illness predates the claimant's employment or arises from circumstances outside of work, it is not compensable. *See, e.g., Williams,* 178 *N.J.Super.* at 576, 429 *A.*2d 1063. In *Williams* the Appellate Division concluded that the claimant suffered from a pre-existing case of schizophrenia. *Ibid.* The court also found that he had not been under stress at work. *Ibid.* at 587, 429 *A.*2d 1063. Those two conclusions led the court to find that Williams' experience of stress and reaction to it were entirely subjective.

In sharp contrast, in this case there was no evidence in the record that Goyden had suffered any injury or impairment from a psychological condition before he began work or that his current disabling condition arose as the result of experiences outside of work. The most that could be said about Goyden was that he had a "compulsive" and "obsessive" personality, characteristics that fall far short of an underlying pre-existing psychiatric disorder such as schizophrenia. The error in suggesting that a pre-existing condition caused Goyden to experience job stress is illustrated by the fact that his disability occurred only toward the end of his service, his work performance having been outstanding during the previous twenty years. Moreover, unlike the situation in *Williams,* the evidence here indicates that work conditions did indeed become stressful during the time when the severe backlog in filing records developed, necessitating that the petitioner work Saturdays and bringing critical complaints from lawyers.

That another person or even many persons might not have developed disabling mental and emotional conditions as a result of the stress under which petitioner worked does not itself preclude compensation. A psychological condition such as that suffered by petitioner is inevitably the result of a specific person involved in a specific set of relationships and events. *See Bondar v. Simmons Co.,* 23 *N.J.Super.* 109, 92 *A.*2d 642 (App.Div.1952), *aff'd,* 12 *N.J.* 361, 96 *A.*2d 795 (1953) (recovery

not precluded by fact that claimant's reaction to work conditions is not typical). A stressful work environment produces no one objective reaction. One of the functions of the worker's compensation system is to compensate for events that occur only occasionally but nonetheless fall within the scope of work-related risks. To compare petitioner's reaction to a set of stimuli to the supposed reaction that a reasonable person would have distracts courts from the central inquiry of whether the injury arose out of and in the course of employment.

The compensation court was satisfied that the evidence in the record was sufficient to establish the requisite causal connection between Goyden's working conditions and his disability. That Goyden's particular characteristics as a person may have made him more sensitive or susceptible to the influences of stress or even predisposed to develop a psychological illness does not impugn the court's conclusion that his disability arose out of and in the course of employment. In our view, the findings of the compensation court were adequately supported and should not have been disturbed.

*For affirmance*—Justices CLIFFORD, POLLOCK, O'HERN and GARIBALDI—4.

*For reversal*—Justices HANDLER and STEIN—2.