60 A.3d 800

DEBORAH F. TOWNSEND, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF ALVIN J. TOWNSEND, JR.; ALVIN
J. TOWNSEND, SR., ADMINISTRATOR AD PROSEQUENDUM
OF THE ESTATE OF ALVIN J. TOWNSEND, JR.; AND ALVIN
J. TOWNSEND, JR., DECEASED, PLAINTIFFS–APPELLANTS,
v. NOAH PIERRE, AN INDIVIDUAL; JEAN HILAIREMONT,
AN INDIVIDUAL; THE PRECISION DENTAL SPECIALIST,
LLC; LEONARD H. JUROS, AN INDIVIDUAL; AND JANET L.
JUROS, AN INDIVIDUAL, DEFENDANTS, AND TOWNSHIP OF
WILLINGBORO; BOARD OF CHOSEN FREEHOLDERS OF
THE COUNTY OF BURLINGTON; GARLAND PROPERTY
MANAGEMENT, LLC; AND SUNSET FAMILY DENTAL, LLC,
DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 11, 2013—Decided February 25, 2013.

Before Judges SABATINO, FASCIALE and MAVEN.

*Donald M. Stanzione* argued the cause for appellant (*Lombardi & Lombardi, P.A.*, attorneys; *Mr. Stanzione*, on the brief).

*Matthew B. Wieliczko* argued the cause for respondent Township of Willingboro (*Zeller & Wieliczko, LLP,* attorneys; *Mr. Wieliczko,* on the brief).

*Betsy G. Ramos* argued the cause for respondent Board of Chosen Freeholders of the County of Burlington (*Capehart & Scatchard, P.A.,* attorneys; *Ms. Ramos,* of counsel; *Charles F. Holmgren,* on the brief).

*Michael Dolich* argued the cause for respondents Garland Property Management, LLC, and Sunset Family Dental, LLC (*Bennett, Bricklin & Saltzburg, LLC,* attorneys; *Mr. Dolich* and *Nicholas A. Cummins,* on the brief).

The opinion of the court was delivered by

FASCIALE, J.A.D.

Plaintiffs appeal from an order barring their liability expert's report and testimony as net opinion; separate orders granting summary judgment dismissing the complaint against defendants Township of Willingboro (Township), County of Burlington (County), Garland Property Management, LLC (Garland Property), and Sunset Family Dental, LLC (Sunset Dental) (collectively "defendants"); and an order denying plaintiffs' motion for reconsideration. We vacate the judge's ruling that the expert's opinions were categorically inadmissible under the net opinion doctrine, reverse the orders granting summary judgment to Garland Property and Sunset Dental, and affirm in all other aspects.

In reviewing a grant of summary judgment, we apply the same standard under *Rule* 4:46–2(c) that governs the trial court. *Wilson ex rel. Manzano v. City of Jersey City,* 209 *N.J.* 558, 564, 39 *A.*3d 177 (2012). We must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." *Brill v. Guardian Life Ins. Co. of Am.,* 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995).

This case involves a tragic accident between a motorcycle and a vehicle at the intersection of Garfield Drive and Levitt Parkway. The motorcycle driver, plaintiffs' decedent, died as a result of the collision. The intersection is controlled by a stop sign situated on Garfield Drive twenty-seven feet from Levitt Parkway. Defendant Noah Pierre [1] was traveling on Garfield Drive towards the stop sign and intended to turn left when she reached the intersection. The decedent was traveling on Levitt Parkway from Pierre's left towards the intersection. Garland Property leased to Sunset Dental a commercial building (the property) located at the intersection. The property is on the left as one approaches the stop sign on Garfield Drive and is lined with overgrown bushes on Levitt Parkway. These bushes obstruct the vision of a driver stopped at the stop sign intending to turn left onto Levitt Parkway, as Pierre planned to do that night.

Pierre testified at her deposition that as she approached the intersection she stopped four times. Pierre admitted that the bushes obstructed her view to the left as she stopped at the sign. Pierre explained that she kept edging up towards the intersection, and then she "looked to [her] left ... didn't see anything" and then "began to make [a] left turn onto Levitt [Parkway]." The accident occurred immediately thereafter.

Pierre's front-seat passenger testified at her deposition that she observed Pierre look to her left before making the left turn onto Levitt Parkway. In so doing, the passenger also looked to her left and stated that the bushes did not obstruct their view.

Plaintiffs' engineering liability expert, Nicholas Bellizzi, issued two reports and opined that the bushes were negligently maintained and violated various standards and ordinances by exceeding height restrictions and violating minimum intersection distance requirements. He concluded that the stop sign's location, and the

---

[1] Pierre settled with plaintiffs at some point after her deposition was taken and is not involved in this appeal.

location and overgrowth of the bushes, proximately caused the accident.

In the fall of 2010, the Township, Garland Property, and Sunset Dental moved for summary judgment. In December 2010, the judge denied without prejudice the motions, but she noted that the Township, Garland Property, and Sunset Dental had not moved to strike Bellizzi's reports. Thereafter, defendants moved to bar his reports and testimony, contending that he issued net opinions. The judge agreed, concluded that his opinions "lack[ed] factual support," and barred Bellizzi from testifying.

Plaintiffs moved for reconsideration, and defendants moved for summary judgment. In May 2011, the judge conducted oral argument, denied plaintiffs' motion, and granted summary judgment dismissing the complaint. The judge stated:

> And the bottom line here is ... even if you were to say ... you just discount or disbelieve [Pierre], what is left with respect to the bushes? Where are the facts that there was an obstruction? ... [T]hey're just not here.
>
> I'm going to grant the defendants' motions. I do not believe there's proximate cause.... [W]ith respect to the Township, there's no proximate cause, no notice. The immunities do apply and ... I don't think that the Township had a duty with respect to this plaintiff....
>
> With respect to the County, I'm satisfied that there's not a dangerous condition. They don't have ownership. There's no evidence of palpably unreasonable conduct....
>
> The placement of the stop sign and stop line is just a red [herring] ... because the testimony is that [Pierre] was way past there when she made her observations and pulled out.
>
> I'm satisfied the plan and design immunity applies to the County. By the way, I'm satisfied that the immunities of failure to enforce, failure to inspect[,] apply to the Township, as well as their lacking duty.
>
> With respect to ... Garland [Property], the owner of the common areas and the bushes, .. I just simply don't find that the bushes are a factor in this case, given the testimony of Pierre.... [O]nce the expert was struck, there are no facts left that would support a theory about the bushes, the stop sign[,] or the stop line.

This appeal followed.

On appeal, plaintiffs argue that the judge erred by striking Bellizzi's opinion and not finding that the allegedly overgrown bushes on the property in question proximately caused the accident. Plaintiffs maintain that whether Pierre had an unobstructed

view is a credibility-based question of fact for the jury. We focus primarily on the net opinion ruling and the grant of summary judgment to Garland Property and Sunset Dental because plaintiffs' counsel conceded at oral argument that the public entities are immunized pursuant to the New Jersey Tort Claims Act (the Act), *N.J.S.A.* 59:1–1 to 12–3.

We review a judge's decision to admit testimony from an expert "against an abuse of discretion standard." *Pomerantz Paper Corp. v. New Cmty. Corp.*, 207 *N.J.* 344, 371, 25 *A.*3d 221 (2011). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" *Milne v. Goldenberg*, 428 *N.J.Super.* 184, 197, 51 *A.*3d 161 (App.Div.2012) (quoting *Flagg v. Essex Cnty. Prosecutor*, 171 *N.J.* 561, 571, 796 *A.*2d 182 (2002)). Using this standard, we conclude that the judge erred.

"[A]n expert's bare opinion that has no support in factual evidence or similar data is a mere net opinion which is not admissible and may not be considered." *Pomerantz, supra*, 207 *N.J.* at 372, 25 *A.*3d 221. Experts must "'give the why and wherefore' that supports the opinion, 'rather than a mere conclusion.'" *Ibid.* (quoting *Polzo v. Cnty. of Essex*, 196 *N.J.* 569, 583, 960 *A.*2d 375 (2008)).

In preparing his reports, Bellizzi relied on the Township's maintenance code and traffic and parking code, both of which address vegetation height, and the American Association of State Highway and Transportation Officials (AASHTO) intersection design standards. He noted that the Township's Traffic and Parking Code Section 13–11, states that "plant life growing within ten feet of any roadway and within [twenty-five] feet of any intersection of two roadways shall be cut to a height of [no] more than [two and a half] feet." Bellizzi determined that the bushes were between sixty-five to seventy-one inches tall and were closer than ten feet from Levitt Parkway and twenty-five feet from the intersection. He noted that AASHTO Chapter V provides that

"[a]ny landscaping in the sight distance triangle should ... not be higher than [three] feet above the level of the intersecting street pavements." In his November 2010 report, Bellizzi stated that

> I am mindful of the testimony of Pierre regarding her allegedly stopping four (4) times before proceeding. However, given her testimony that the bushes obstructed her view of eastbound traffic on Levitt Parkway, and given that she never saw the approaching motorcycle, I reasonably conclude that she did not have an unobstructed view of Levitt Parkway when she proceeded into that roadway. Therefore, it is further reasonable to conclude that the location and overgrowth of the shrubbery was a significant proximate cause of the collision.

Bellizzi's opinion that the bushes proximately caused the accident depends on the believability of Pierre's statement that she had an unobstructed view. The judge concluded, based on Pierre's deposition testimony, that "the bushes are [not] a factor in this case"; however, the parties dispute whether Pierre ultimately had an unobstructed view as she turned left. Pierre never saw the motorcycle before impact.[2] Giving plaintiffs the benefit of all reasonable inferences, and bearing in mind the fact-finder's role in assessing credibility, the jury potentially could determine that Pierre was mistaken about her recollection. And, the jury could rationally conclude that her view remained obstructed, as she inched up towards the intersection, because she never saw the motorcycle due to the overgrown bushes.

We agree with the motion judge that the unconditional admission of Bellizzi's opinions on causation would be inappropriate, given Pierre's deposition testimony and that of her passenger. However, the use of a hypothetical question, with a corresponding limiting instruction, could allow those opinions to be considered by the jury to counter defendant's position that, as the judge phrased it, "the bushes are [not] a factor in this case."

■ An expert may be asked hypothetical questions at trial, "provided that the questions include facts admitted or supported by the evidence." Biunno, Weissbard & Zegas, *Current N.J.*

---

[2] This is so even though a driver of a car directly to the right of Pierre's vehicle saw the motorcycle approaching the intersection.

*Rules of Evidence*, comment 4 on *N.J.R.E.* 705 (2012) (citing *Wilsey v. Reisinger*, 76 *N.J.Super.* 20, 25, 183 *A.2d* 717 (App.Div.) (finding hypothetical question posed to medical expert did not rely on admitted or proved facts), *certif. denied*, 38 *N.J.* 610, 186 *A.2d* 308 (1962)). Such evidential support can include circumstantial evidence. *See, e.g., Myrlak v. Port Auth. of N.Y. & N.J.*, 157 *N.J.* 84, 107, 723 *A.2d* 45 (1999) (holding that trial court "adequately informed the jury that it could rely on circumstantial evidence"); *Model Jury Charge (Civil)*, 1.12J, "Direct and Circumstantial Evidence or Inferences" (2012).

In the context of this case, where Pierre admitted at one point that her view was obstructed by the bushes, and where there is other circumstantial proof suggesting that she may have been mistaken about the lack of any obstruction as she proceeded into the intersection, plaintiffs' counsel may ask Bellizzi to assume hypothetically that Pierre was unable to see clearly to her left as she made the turn. The weight of Bellizzi's opinion that the overgrown bushes proximately caused the accident then depends on whether the jury believes Pierre's account that her view was not obstructed as she turned. Similarly, the jury also could evaluate the credibility of Pierre's friend and passenger about whether any obstruction was present and whether her vantage point in looking to the left substantially differed from Pierre's.

The judge could then charge the jury pursuant to *Model Jury Charge (Civil)*, 1.13, "Expert Testimony" (2012), which provides, in pertinent part:

> You have heard testimony from a witness(es) who was (were) called as experts.... I want to emphasize to you that the determination of the facts in this case rests solely with you as jurors.
>
> ....
>
> The weight of the expert's opinion depends on the facts on which the expert bases his/her opinion. You as jurors must also decide whether the facts relied upon by the expert actually exist.

[ (Footnote omitted).]

Additionally, the judge could charge the jury pursuant to *Model Jury Charge (Civil)*, 1.13A, "Optional Charge Concerning Hypothetical Questions" (2012), which provides:

> An expert witness was asked to *assume* that certain facts were true and to give an opinion based on that assumption. This is called a hypothetical question. *You must determine if any fact assumed by the witness has not been proved and the effect of that omission, if any, upon the weight of the expert's opinion.*
> [ (Emphasis added).]

The judge could also provide an appropriate limited instruction to the jury during Bellizzi's direct examination regarding a hypothetical question. The jury would then make its "credibility determinations and findings of fact." *Ming Yu He v. Miller*, 207 *N.J.* 230, 266, 24 *A.*3d 251 (2011). In so doing, the jury would weigh the expert's opinions in light of the other evidence in the record and be guided by the court's cautionary instruction. *Goyden v. State, Judiciary, Superior Court of N.J.*, 256 *N.J.Super.* 438, 456, 607 *A.*2d 651 (App.Div.1991), *aff'd*, 128 *N.J.* 54, 607 *A.*2d 622 (1992); *Model Jury Charge (Civil)*, 1.13A, *supra*.

■ We recognize that a testifying expert does not have a prerogative to invent facts that are not credibility-dependent and that are flatly contrary to indisputable evidence. For example, an expert could not offer hypothetical opinions that are based upon factual assumptions that are in conflict with unrebutted physical evidence, such as the measured distance of skid marks or the calculated height of shrubbery. But where, as here, there is a reasonable basis for a jury to reject a credibility-based recollection of a fact witness, the expert can properly comment about alternative factual possibilities in a hypothetical manner.

■■ We also agree with plaintiffs' contention that the judge erred by making a conclusive determination that the overgrown bushes did not proximately cause the accident. Proximate cause is defined "as any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred." *Kasper v. Bd. of Trs. of the Teachers' Pension & Annuity Fund*, 164 *N.J.* 564, 591, 754 *A.*2d 525 (2000) (Coleman,

J., concurring) (internal quotation marks omitted). Here, the question of whether the overgrown bushes proximately caused the accident should be submitted to the jury. *See, e.g., Toto v. Ensuar,* 196 *N.J.* 134, 148, 952 *A.*2d 463 (2008) (remanding for new trial for jury determination on proximate cause).

We conclude that plaintiffs' remaining arguments are without sufficient merit to warrant further discussion in a written opinion. *R.* 2:11–3(e)(1)(E). We add the following brief comments regarding summary judgment obtained by the Township and County.

▮ It is undisputed that the Township had never received complaints about overgrown bushes at the intersection in question. Thus, *N.J.S.A.* 59:2–4 immunizes the Township from any alleged failure to enforce maintenance or traffic codes, and *N.J.S.A.* 59:2–6 immunizes the Township from any alleged failure to inspect. Moreover, the Act provides plan or design immunity to the Township pursuant to *N.J.S.A.* 59:4–6(a), which provides, in pertinent part:

> Neither the public entity nor a public employee is liable under this chapter for an injury caused by the plan or design of public property, either in its original construction or any improvement thereto, where such plan or design has been approved in advance of the construction or improvement by the Legislature or the governing body of a public entity. . . .

Here, the County's traffic engineer, Martin Livingston, testified that the stop sign was installed pursuant to part of a voted-upon design project. Therefore, plan and design immunity applies to the County.

We therefore reverse summary judgment as to Garland Property and Sunset Dental, set aside the ruling regarding net opinion, and affirm summary judgment in favor of the Township and County.